Receipt No. 061185

ORIGINAL

FILED
OCT 2 2007
U.S. COURT OF
FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AEROFUND FINANCIAL, INC., | ) | Case No. 07-708 C |
| | ) | |
| Plaintiff, | ) | |
| | ) | COMPLAINT |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff AEROFUND FINANCIAL, INC. ("AEROFUND"), files this Complaint for breach of contract against the United States of America, acting through the United States Navy and the Department of FAS (collectively "Defendant").

A. NATURE OF THE CASE

1. This cases involves the Navy's non-payment on monies due and payable under authorized solicitation contracts entered into on or about September 18, 2006, with Total controls, Inc.; and Total Controls, Inc.'s assignment of its rights to payment under the solicitation contract to AEROFUND.

B PARTIES AND JURISDICTION

2. AEROFUND is a California corporation with its principal office and place of business in San Jose, California. AEROFUND is in engaged in the business of asset based lending.

3. The Defendant is the United States of America.

C JURISDICTION

4. This Court has subject matter jursidction over this matter pursuant to the Contract Disputes Act, 41 USC §601 et seq., and the Tucker Act, 28 USC §1491(a)(1).

D. FACTUAL BACKGROUND

5. AEROFUND is informed and beleives and thereon alleges that on or about September 18, 2006, Total Controls, Inc. (hereafter "TCI") entered into a contract with Defendant for certain goods and services, more particularly described in the written contract ("Contract"). A true and correct copy of the written contract is attached hereto as Exhibit A and is incorporated herein.

6. AEROFUND is informed and beleives and thereon allege that on or about November 2, 2006, TCI and Defendant executed an amendment to the Contract for the purpose of incorporating the assignment of TCI's claims under the Contract to AEROFUND ("Amendment"). A true and correct copy of the Amendment is attached hereto as Exhibit B and is incorporated herein.

7. AEROFUND is informed and beleives and thereon alleges that following the execution of the Contract and Amendment, TCI performed under the terms of the Contract by providing the goods and services identified in the Contract, and TCI remit invoices to Defendant

for such goods and services ("Invoices"). True and correct copies of the Invoices are attached hereto as Exhibit C and are incorporated herein.

8. AEROFUND is informed and beleives that Defendant made payments due under the Invoices directly to TCI in direct violation of the Contract and Amendment thereto.

9. Despite due demand by AEROFUND to Defendant for payment owing under the Invoices, Defendant has failed and refused to pay the oustanding amounts due under the Invoices.

10. On July 19, 2007, AEROFUND made a certified claim for payment due under the Invoices to Defendant's Contracting Officer. A true and correct copy of the July 19, 2007, letter is attached hereto as Exhibit D and is incorporated herein. As of the date of the filing of this complaint, the Contracting Officer has not responded to the July 19, 2007, with a decision.

E. CLAIMS

COUNT I

Breach of Implied Contract

11. Plaintiff incorporates and re-alleges each of the above allegations as if fully set forth herein.

12. The Contract and Amendment directed all payments therunder to be made to AEROFUND. At no time was a further modification or amendment made to the Contract and Amendment changing the party or the address to which payment was to be made.

13. AEROFUND relied upon the Contract and Amendment in agreeing to purchase TCI's accounts receivables, and funded TCI for the purchase based upon this reliance.

14. Defendant breached its obligations to AEROFUND by failing to remit payment to

AEROFUND due and owing under the Contract and Amendment, and related Invoices, in the amount os $101,817.31.

COUNT II

Assignment

15. Plaintiff incorporates and re-alleges each of the above allegations as if fully set forth herein.

16. AEROFUND entered into an agreement with TCI under which AEROFUND agreed to purchase TCI's accounts receivables, and TCI agreed to assign its rights to payments thereunder.

17. TCI notified Defendant that it assigned its rights to payments under the Contract to AEROFUND, and Defendant agreed to the assignment by executing the Amendment directing payment to AEROFUND, and in thereafter making partial payments due thereunder directly to AEROFUND. A valid assignment resulted.

18. As a result of the assignment, AEROFUND purchased TCI's accounts receivables due under the Contract, paying consideration therefore.

19. Defendant breached its obligations under the assignment by remitting payment on the balance due under the Contract to TCI rather than AEROFUND.

COUNT III

Third Party Beneficiary

20. Plaintiff incorporates and re-alleges each of the above allegations as if fully set forth herein.

21. TCI specifically requested that Defendant agree to TCI's assignment of its rights to payment under the Contract to AEROFUND, and Defendant expressly agreed to the assignment.

22. As a result of the assignment, AEROFUND advanced money to TCI due under the Contract.

23. Defendant breached its obligations to Plaintiff by failing to pay Plaintiff.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff AEROFUND FINANCIAL, INC., prays for the following relief:

1. For damages in the amount of $101,817.31;

2. For prejudgmetn interest;

3. For attorneys fees and costs;

4. For such other and further releif that the Court deems just and proper.

DATED: September 26, 2007

PAHL & McCAY
A Professional Corporation

By: ______________________
Ginger L. Sotelo
225 W. Santa Clara, Suite 1500
San Jose, California 95113
(408) 286-5100
(408) 286-5722

# EXHIBIT A

**SOLICITATION/CONTRACT/ORDER FOR COMMERCIAL ITEMS**
*OFFEROR TO COMPLETE BLOCKS 12, 17, 23, 24, AND 30*

1. REQUISITION NUMBER: N0024506RC07BFB
PAGE 1 OF 16

| 2. CONTRACT NO. | 3. AWARD/EFFECTIVE DATE | 4. ORDER NUMBER | 5. SOLICITATION NUMBER | 6. SOLICITATION ISSUE DATE |
|---|---|---|---|---|
| N00244-06-P-2877 | 15-Sep-2006 | | N00244-06-T-0891 | 29-Aug-2006 |

| 7. FOR SOLICITATION INFORMATION CALL: | a. NAME | b. TELEPHONE NUMBER (No Collect Calls) | 8. OFFER DUE DATE/LOCAL TIME |
|---|---|---|---|
| | IVY V. TAUFAASAU | 619-532-2582 | 04:00 PM 13 Sep 2006 |

9. ISSUED BY CODE N00244
FISC SAN DIEGO
CODE 200
937 N HARBOR DRIVE STE 60
SAN DIEGO CA 92132-0060
TEL: 619-532-3440
FAX: 619-532-2690

10. THIS ACQUISITION IS
[ ] UNRESTRICTED
[X] SET ASIDE: 100 % FOR
[X] SMALL BUSINESS
[ ] HUBZONE SMALL BUSINESS
[ ] 8(A)
NAICS: 561621
SIZE STANDARD: 500

11. DELIVERY FOR FOB DESTINATION UNLESS BLOCK IS MARKED
[ ] SEE SCHEDULE

12. DISCOUNT TERMS

13a. [ ] THIS CONTRACT IS A RATED ORDER UNDER DPAS (15 CFR 700)

13b. RATING

14. METHOD OF SOLICITATION
[X] RFQ [ ] IFB [ ] RFP

15. DELIVER TO CODE
**SEE SCHEDULE**

16. ADMINISTERED BY CODE
**SEE ITEM 9**

17a. CONTRACTOR/OFFEROR CODE 3HMK4
TOTAL CONTROLS INCORPORATED
DAVID MIYAHARA
736 NEESON RD STE A
MARINA CA 993933-5114
TEL. 831-582-2426
FACILITY CODE

18a. PAYMENT WILL BE MADE BY CODE N68732
DFAS - NORFOLK OPERATING LOCATION
1837 MORRIS STREET
SUITE 1401
NORFOLK VA 23511-3431

17b. [ ] CHECK IF REMITTANCE IS DIFFERENT AND PUT SUCH ADDRESS IN OFFER

18b. SUBMIT INVOICES TO ADDRESS SHOWN IN BLOCK 18a. UNLESS BLOCK BELOW IS CHECKED [X] SEE ADDENDUM

| 19. ITEM NO. | 20. SCHEDULE OF SUPPLIES/ SERVICES | 21. QUANTITY | 22. UNIT | 23. UNIT PRICE | 24. AMOUNT |
|---|---|---|---|---|---|
| | **SEE SCHEDULE** | | | | |

25. ACCOUNTING AND APPROPRIATION DATA
**See Schedule**

26. TOTAL AWARD AMOUNT (For Govt. Use Only)
**$127,665.95**

[ ] 27a. SOLICITATION INCORPORATES BY REFERENCE FAR 52.212-1, 52.212-4. FAR 52.212-3, 52.212-5 ARE ATTACHED. ADDENDA [ ] ARE [ ] ARE NOT ATTACHED

[ ] 27b. CONTRACT/PURCHASE ORDER INCORPORATES BY REFERENCE FAR 52.212-4. FAR 52.212-5 IS ATTACHED. ADDENDA [ ] ARE [ ] ARE NOT ATTACHED

28. [ ] CONTRACTOR IS REQUIRED TO SIGN THIS DOCUMENT AND RETURN 0 COPIES TO ISSUING OFFICE. CONTRACTOR AGREES TO FURNISH AND DELIVER ALL ITEMS SET FORTH OR OTHERWISE IDENTIFIED ABOVE AND ON ANY ADDITIONAL SHEETS SUBJECT TO THE TERMS AND CONDITIONS SPECIFIED HEREIN.

29. AWARD OF CONTRACT: REFERENCE N00244-06-T-0891 [X] OFFER DATED 08-Sep-2006. YOUR OFFER ON SOLICITATION (BLOCK 5), INCLUDING ANY ADDITIONS OR CHANGES WHICH ARE SET FORTH HEREIN, IS ACCEPTED AS TO ITEMS: SEE SCHEDULE

30a. SIGNATURE OF OFFEROR/CONTRACTOR
[signature]

30b. NAME AND TITLE OF SIGNER (TYPE OR PRINT)
David Miyahara

30c. DATE SIGNED
9/18/06

31a. UNITED STATES OF AMERICA (SIGNATURE OF CONTRACTING OFFICER)
[signature]

31c. DATE SIGNED
15-Sep-2006

31b. NAME OF CONTRACTING OFFICER (TYPE OR PRINT)
TEDDY M. SANTOS / DIVISION DIRECTOR
TEL: 619-532-2555 EMAIL: teddy.santos@navy.mil

AUTHORIZED FOR LOCAL REPRODUCTION
PREVIOUS EDITION IS NOT USABLE

STANDARD FORM 1449 (REV 4/2002)
Prescribed by GSA
FAR (48 CFR) 53.212

EXHIBIT A

**SOLICITATION/CONTRACT/ORDER FOR COMMERCIAL ITEMS (CONTINUED)**

PAGE 2 OF 16

| 19. ITEM NO. | 20. SCHEDULE OF SUPPLIES/ SERVICES | 21. QUANTITY | 22. UNIT | 23. UNIT PRICE | 24. AMOUNT |
|---|---|---|---|---|---|
| | **SEE SCHEDULE** | | | | |

32a. QUANTITY IN COLUMN 21 HAS BEEN

☐ RECEIVED ☐ INSPECTED ☐ ACCEPTED, AND CONFORMS TO THE CONTRACT, EXCEPT AS NOTED: ____________

| 32b. SIGNATURE OF AUTHORIZED GOVERNMENT REPRESENTATIVE | 32c. DATE | 32d. PRINTED NAME AND TITLE OF AUTHORIZED GOVERNMENT REPRESENTATIVE |
|---|---|---|
| | | |

| 32e. MAILING ADDRESS OF AUTHORIZED GOVERNMENT REPRESENTATIVE | 32f. TELEPHONE NUMBER OF AUTHORIZED GOVERNMENT REPRESENTATIVE |
|---|---|
| | 32g. E-MAIL OF AUTHORIZED GOVERNMENT REPRESENTATIVE |

| 33. SHIP NUMBER | 34. VOUCHER NUMBER | 35. AMOUNT VERIFIED CORRECT FOR | 36. PAYMENT | 37. CHECK NUMBER |
|---|---|---|---|---|
| ☐ PARTIAL ☐ FINAL | | | ☐ COMPLETE ☐ PARTIAL ☐ FINAL | |

| 38. S/R ACCOUNT NUMBER | 39. S/R VOUCHER NUMBER | 40. PAID BY |
|---|---|---|
| | | |

| 41a. I CERTIFY THIS ACCOUNT IS CORRECT AND PROPER FOR PAYMENT | | 42a. RECEIVED BY *(Print)* | |
|---|---|---|---|
| 41b. SIGNATURE AND TITLE OF CERTIFYING OFFICER | 41c. DATE | 42b. RECEIVED AT *(Location)* | |
| | | 42c. DATE REC'D *(YY/MM/DD)* | 42d. TOTAL CONTAINERS |

AUTHORIZED FOR LOCAL REPRODUCTION
PREVIOUS EDITION IS NOT USABLE

STANDARD FORM 1449 (REV 4/2002) BACK
Prescribed by GSA
FAR (48 CFR) 53.212

Section SF 1449 - CONTINUATION SHEET

**PLEASE SUBMIT INVOICE(S) TO THE FOLLOWING ADDRESS:**

**NAVY REGION SOUTHWEST**
**RMO, 5TH FLR, CODE N82**
**937 NORTH HARBOR DRIVE**
**SAN DIEGO, CA 92132**

**TEL. 619-556-8974**

| ITEM NO | SUPPLIES/SERVICES | QUANTITY | UNIT | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| 0001 | | 1 | Group | $50,850.40 | $50,850.40 |
| | SECURITY CAMERA EQUIPMENT AND<br>FFP<br>INSTALLATION FOR RAMBUR HALL (BLDG. 3185) FOR BACHELOR HOUSING, NAVAL STATION, SAN DIEGO.<br>SEE LIST OF PARTS AND STATEMENT OF WORK (SOW) WITHIN.<br>FOB: Destination<br>MILSTRIP: N0024506RC075FS<br>PURCHASE REQUEST NUMBER: N0024506RC075FS | | | | |

NET AMT $50,850.40

ACRN AA $50,850.40
CIN: N0024506RC075FS0001

| ITEM NO | SUPPLIES/SERVICES | QUANTITY | UNIT | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| 0002 | | 1 | Group | $18,485.85 | $18,485.85 |

SECURITY CAMERA EQUIPMENT AND
FFP
INSTALLATION FOR BUILDINGS 1500, 500, 504 BACHELOR HOUSING
NAVAL BASE CORONADO.
SEE LIST OF PARTS AND STATEMENT OF WORK (SOW) WITHIN.
FOB: Destination
MILSTRIP: N0025606RC036FS
PURCHASE REQUEST NUMBER: N0024506RC075FS

NET AMT $18,485.85

ACRN AB $18,485.85
CIN: N0024506RC075FS0002

| ITEM NO | SUPPLIES/SERVICES | QUANTITY | UNIT | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| 0003 | | 1 | Group | $7,088.60 | $7,088.60 |

SECURITY CAMERA EQUIPMENT AND
FFP
INSTALLATION FOR BUILDINGS 783 AND 787 BACHELOR HOUSING
NAVAL BASE CORONADO.
SEE LIST OF PARTS AND STATEMENT OF WORK (SOW) WITHIN.
FOB: Destination
MILSTRIP: N0024606RC035FS
PURCHASE REQUEST NUMBER: N0024506RC075FS

NET AMT $7,088.60

ACRN AC $7,088.60
CIN: N0024506RC075FS0003

| ITEM NO | SUPPLIES/SERVICES | QUANTITY | UNIT | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| 0004 | | 1 | Group | $51,441.10 | $51,441.10 |

SECURITY CAMERA EQUIPMENT AND
FFP
INSTALLATION FOR VESTA HALL (BLDG. 3144 - 3150) FOR BACHELOR HOUSING NAVAL STATION SAN DIEGO.
SEE LIST OF PARTS AND STATEMENT OF WORK (SOW) WITHIN.

FOB: Destination
MILSTRIP: N0024606RC074FS
PURCHASE REQUEST NUMBER: N0024506RC075FS

NET AMT $51,441.10

ACRN AD $51,441.10
CIN: N0024506RC074FS0001

## INSPECTION AND ACCEPTANCE TERMS

Supplies/services will be inspected/accepted at:

| CLIN | INSPECT AT | INSPECT BY | ACCEPT AT | ACCEPT BY |
|---|---|---|---|---|
| 0001 | Destination | Government | Destination | Government |
| 0002 | Destination | Government | Destination | Government |
| 0003 | Destination | Government | Destination | Government |
| 0004 | Destination | Government | Destination | Government |

## DELIVERY INFORMATION

| CLIN | DELIVERY DATE | QUANTITY | SHIP TO ADDRESS | UIC |
|---|---|---|---|---|
| 0001 | 29-SEP-2006 | 1 | SEE SCHEDULE<br>FOB: Destination | |
| 0002 | 29-SEP-2006 | 1 | SEE SCHEDULE<br>FOB: Destination | |
| 0003 | 29-SEP-2006 | 1 | SEE SCHEDULE<br>FOB: Destination | |

| | | | |
|---|---|---|---|
| 0004 | 29-SEP-2006 | 1 | SEE SCHEDULE<br>FOB: Destination |

ACCOUNTING AND APPROPRIATION DATA

AA: 1761804 52FA 310 00052 0 068732 2D C075FS
COST CODE: 002456BHF22W
AMOUNT: $50,850.40
CIN N0024506RC075FS0001: $50,850.40

AB: 1761804 52FA 310 00052 0 068732 2D C036FS
COST CODE: 002466BHF46W
AMOUNT: $18,485.85
CIN N0024506RC075FS0002: $18,485.85

AC: 1761804 52FA 310 00052 0 068732 2D C035FS
COST CODE: 002466BHF08W
AMOUNT: $7,088.60
CIN N0024506RC075FS0003: $7,088.60

AD: 1761804 52FA 310 00052 0 068732 2D C074FS
COST CODE: 002456BHF46W
AMOUNT: $51,441.10
CIN N0024506RC074FS0001: $51,441.10

CLAUSES INCORPORATED BY REFERENCE

| | | |
|---|---|---|
| 52.212-1 | (DUPLICATE) Instructions to Offerors--Commercial Items | JAN 2006 |
| 52.212-3 | (DUPLICATE) Offeror Representations and Certification--Commercial Items | MAR 2005 |
| 52.212-3 Alt I | (DUPLICATE) Offeror Representations and Certifications--Commercial Items (Jan 2005) Alternate I | APR 2002 |
| 52.212-3 Alt II | (DUPLICATE) Offeror Representations and Certifications--Commercial items (Jan 2005) Alternate II | OCT 2000 |
| 52.212-5 | (DUPLICATE) Contract Terms and Conditions Required to Implement Statutes or Executive Orders--Commercial Items | FEB 2006 |
| 52.212-5 (Dev) | (DUPLICATE) Contract Terms and Conditions Required to Implement Statutes or Executive Orders--Commercial Items (Deviation) | FEB 2006 |
| 252.232-7003 | (DUPLICATE) Electronic Submission of Payment Requests | JAN 2004 |

CLAUSES INCORPORATED BY FULL TEXT

52.212-4 CONTRACT TERMS AND CONDITIONS-- COMMERCIAL ITEMS (SEP 2005)

(a) Inspection/Acceptance. The Contractor shall only tender for acceptance those items that conform to the requirements of this contract. The Government reserves the right to inspect or test any supplies or services that have been tendered for acceptance. The Government may require repair or replacement of nonconforming supplies or

reperformance of nonconforming services at no increase in contract price. The Government must exercise its post-acceptance rights (1) within a reasonable time after the defect was discovered or should have been discovered; and (2) before any substantial change occurs in the condition of the item, unless the change is due to the defect in the item.

(b) Assignment. The Contractor or its assignee may assign its rights to receive payment due as a result of performance of this contract to a bank, trust company, or other financing institution, including any Federal lending agency in accordance with the Assignment of Claims Act (31 U.S.C. 3727). However, when a third party makes payment (e.g., use of the Governmentwide commercial purchase card), the Contractor may not assign its rights to receive payment under this contract.

(c) Changes. Changes in the terms and conditions of this contract may be made only by written agreement of the parties.

(d) Disputes. This contract is subject to the Contract Disputes Act of 1978, as amended (41 U.S.C. 601-613). Failure of the parties to this contract to reach agreement on any request for equitable adjustment, claim, appeal or action arising under or relating to this contract shall be a dispute to be resolved in accordance with the clause at FAR 52.233-1, Disputes, which is incorporated herein by reference. The Contractor shall proceed diligently with performance of this contract, pending final resolution of any dispute arising under the contract.

(e) Definitions. The clause at FAR 52.202-1, Definitions, is incorporated herein by reference.

(f) Excusable delays. The Contractor shall be liable for default unless nonperformance is caused by an occurrence beyond the reasonable control of the Contractor and without its fault or negligence such as, acts of God or the public enemy, acts of the Government in either its sovereign or contractual capacity, fires, floods, epidemics, quarantine restrictions, strikes, unusually severe weather, and delays of common carriers. The Contractor shall notify the Contracting Officer in writing as soon as it is reasonably possible after the commencement or any excusable delay, setting forth the full particulars in connection therewith, shall remedy such occurrence with all reasonable dispatch and shall promptly give written notice to the Contracting Officer of the cessation of such occurrence.

(g) Invoice. (1) The Contractor shall submit an original invoice and three copies (or electronic invoice, if authorized) to the address designated in the contract to receive invoices. An invoice must include--

(i) Name and address of the Contractor;

(ii) Invoice date and number;

(iii) Contract number, contract line item number and, if applicable, the order number;

(iv) Description, quantity, unit of measure, unit price and extended price of the items delivered;

(v) Shipping number and date of shipment, including the bill of lading number and weight of shipment if shipped on Government bill of lading;

(vi) Terms of any discount for prompt payment offered;

(vii) Name and address of official to whom payment is to be sent;

(viii) Name, title, and phone number of person to notify in event of defective invoice; and

(ix) Taxpayer Identification Number (TIN). The Contractor shall include its TIN on the invoice only if required elsewhere in this contract.

(x) Electronic funds transfer (EFT) banking information.

(A) The Contractor shall include EFT banking information on the invoice only if required elsewhere in this contract.

(B) If EFT banking information is not required to be on the invoice, in order for the invoice to be a proper invoice, the Contractor shall have submitted correct EFT banking information in accordance with the applicable solicitation provision, contract clause (e.g., 52.232-33, Payment by Electronic Funds Transfer--Central Contractor Registration, or 52.232-34, Payment by Electronic Funds Transfer--Other Than Central Contractor Registration), or applicable agency procedures.

(C) EFT banking information is not required if the Government waived the requirement to pay by EFT.

(2) Invoices will be handled in accordance with the Prompt Payment Act (31 U.S.C. 3903) and Office of Management and Budget (OMB) prompt payment regulations at 5 CFR part 1315.

(h) Patent indemnity. The Contractor shall indemnify the Government and its officers, employees and agents against liability, including costs, for actual or alleged direct or contributory infringement of, or inducement to infringe, any United States or foreign patent, trademark or copyright, arising out of the performance of this contract, provided the Contractor is reasonably notified of such claims and proceedings.

(i) Payment.--

(1) Items accepted. Payment shall be made for items accepted by the Government that have been delivered to the delivery destinations set forth in this contract.

(2) Prompt payment. The Government will make payment in accordance with the Prompt Payment Act (31 U.S.C. 3903) and prompt payment regulations at 5 CFR part 1315.

(3) Electronic Funds Transfer (EFT). If the Government makes payment by EFT, see 52.212-5(b) for the appropriate EFT clause.

(4) Discount. In connection with any discount offered for early payment, time shall be computed from the date of the invoice. For the purpose of computing the discount earned, payment shall be considered to have been made on the date which appears on the payment check or the specified payment date if an electronic funds transfer payment is made.

(5) Overpayments. If the Contractor becomes aware of a duplicate contract financing or invoice payment or that the Government has otherwise overpaid on a contract financing or invoice payment, the Contractor shall immediately notify the Contracting Officer and request instructions for disposition of the overpayment.

(j) Risk of loss. Unless the contract specifically provides otherwise, risk of loss or damage to the supplies provided under this contract shall remain with the Contractor until, and shall pass to the Government upon:

(1) Delivery of the supplies to a carrier, if transportation is f.o.b. origin; or

(2) Delivery of the supplies to the Government at the destination specified in the contract, if transportation is f.o.b. destination.

(k) Taxes. The contract price includes all applicable Federal, State, and local taxes and duties.

(l) Termination for the Government's convenience. The Government reserves the right to terminate this contract, or any part hereof, for its sole convenience. In the event of such termination, the Contractor shall immediately stop all work hereunder and shall immediately cause any and all of its suppliers and subcontractors to cease work. Subject to the terms of this contract, the Contractor shall be paid a percentage of the contract price reflecting the percentage of the work performed prior to the notice of termination, plus reasonable charges the Contractor can demonstrate to the

satisfaction of the Government using its standard record keeping system, have resulted from the termination. The Contractor shall not be required to comply with the cost accounting standards or contract cost principles for this purpose. This paragraph does not give the Government any right to audit the Contractor's records. The Contractor shall not be paid for any work performed or costs incurred which reasonably could have been avoided.

(m) Termination for cause. The Government may terminate this contract, or any part hereof, for cause in the event of any default by the Contractor, or if the Contractor fails to comply with any contract terms and conditions, or fails to provide the Government, upon request, with adequate assurances of future performance. In the event of termination for cause, the Government shall not be liable to the Contractor for any amount for supplies or services not accepted, and the Contractor shall be liable to the Government for any and all rights and remedies provided by law. If it is determined that the Government improperly terminated this contract for default, such termination shall be deemed a termination for convenience.

(n) Title. Unless specified elsewhere in this contract, title to items furnished under this contract shall pass to the Government upon acceptance, regardless of when or where the Government takes physical possession.

(o) Warranty. The Contractor warrants and implies that the items delivered hereunder are merchantable and fit for use for the particular purpose described in this contract.

(p) Limitation of liability. Except as otherwise provided by an express warranty, the Contractor will not be liable to the Government for consequential damages resulting from any defect or deficiencies in accepted items.

(q) Other compliances. The Contractor shall comply with all applicable Federal, State and local laws, executive orders, rules and regulations applicable to its performance under this contract.

(r) Compliance with laws unique to Government contracts. The Contractor agrees to comply with 31 U.S.C. 1352 relating to limitations on the use of appropriated funds to influence certain Federal contracts; 18 U.S.C. 431 relating to officials not to benefit; 40 U.S.C. 3701, et seq., Contract Work Hours and Safety Standards Act; 41 U.S.C. 51-58, Anti-Kickback Act of 1986; 41 U.S.C. 265 and 10 U.S.C. 2409 relating to whistleblower protections; 49 U.S.C. 40118, Fly American; and 41 U.S.C. 423 relating to procurement integrity.

(s) Order of precedence. Any inconsistencies in this solicitation or contract shall be resolved by giving precedence in the following order: (1) the schedule of supplies/services; (2) the Assignments, Disputes, Payments, Invoice, Other Compliances, and Compliance with Laws Unique to Government Contracts paragraphs of this clause; (3) the clause at 52.212-5; (4) addenda to this solicitation or contract, including any license agreements for computer software: (5) solicitation provisions if this is a solicitation; (6) other paragraphs of this clause; (7) the Standard Form 1449; (8) other documents, exhibits, and attachments; and (9) the specification.

(t) Central Contractor Registration (CCR). (1) Unless exempted by an addendum to this contract, the Contractor is responsible during performance and through final payment of any contract for the accuracy and completeness of the data within the CCR database, and for any liability resulting from the Government's reliance on inaccurate or incomplete data. To remain registered in the CCR database after the initial registration, the Contractor is required to review and update on an annual basis from the date of initial registration or subsequent updates its information in the CCR database to ensure it is current, accurate and complete. Updating information in the CCR does not alter the terms and conditions of this contract and is not a substitute for a properly executed contractual document.

(2)(i) If a Contractor has legally changed its business name, "doing business as" name, or division name (whichever is shown on the contract), or has transferred the assets used in performing the contract, but has not completed the necessary requirements regarding novation and change-of-name agreements in FAR subpart 42.12, the Contractor shall provide the responsible Contracting Officer a minimum of one business day's written notification of its intention to (A) change the name in the CCR database; (B) comply with the requirements of subpart 42.12; and (C) agree in writing to the timeline and procedures specified by the responsible Contracting Officer. The Contractor must provide with the notification sufficient documentation to support the legally changed name.

(ii) If the Contractor fails to comply with the requirements of paragraph (t)(2)(i) of this clause, or fails to perform the agreement at paragraph (t)(2)(i)(C) of this clause, and, in the absence of a properly executed novation or change-of-name agreement, the CCR information that shows the Contractor to be other than the Contractor indicated in the contract will be considered to be incorrect information within the meaning of the "Suspension of Payment" paragraph of the electronic funds transfer (EFT) clause of this contract.

(3) The Contractor shall not change the name or address for EFT payments or manual payments, as appropriate, in the CCR record to reflect an assignee for the purpose of assignment of claims (see Subpart 32.8, Assignment of Claims). Assignees shall be separately registered in the CCR database. Information provided to the Contractor's CCR record that indicates payments, including those made by EFT, to an ultimate recipient other than that Contractor will be considered to be incorrect information within the meaning of the "Suspension of payment" paragraph of the EFT clause of this contract.

(4) Offerors and Contractors may obtain information on registration and annual confirmation requirements via the internet at http://www.ccr.gov or by calling 1-888-227-2423 or 269-961-5757.

(End of clause)

52.212-5 CONTRACT TERMS AND CONDITIONS REQUIRED TO IMPLEMENT STATUTES OR EXECUTIVE ORDERS--COMMERCIAL ITEMS (JAN 2005) ALTERNATE I (FEB 2000)

(a) The Contractor shall comply with the following Federal Acquisition Regulation (FAR) clauses, which are incorporated in this contract by reference, to implement provisions of law or Executive orders applicable to acquisitions of commercial items:

(1) 52.233-3, Protest After Award (AUG 1996) (31 U.S.C. 3553).

(2) 52.233-4, Applicable Law for Breach of Contract Claim (OCT 2004) (Pub. L. 108-77, 108-78).

(b) The Contractor shall comply with the FAR clauses in this paragraph (b) that the Contracting Officer has indicated as being incorporated in this contract by reference to implement provisions of law or Executive orders applicable to acquisitions of commercial items: (Contracting Officer check as appropriate.)

____ (1) 52.203-6, Restrictions on Subcontractor Sales to the Government (JUL 1995), with Alternate I (OCT 1995) (41 U.S.C. 253g and 10 U.S.C. 2402).

____ (2) 52.219-3, Notice of HUBZone Small Business Set-Aside (Jan 1999) (U.S.C. 657a).

____ (3) 52.219-4, Notice of Price Evaluation Preference for HUBZone Small Business Concerns (Jan 1999) (if the offeror elects to waive the preference, it shall so indicate in its offer) (U.S.C. 657a).

____(4) (i) 52.219-5, Very Small Business Set-Aside (JUNE 2003) (Pub. L. 103-403, section 304, Small Business Reauthorization and Amendments Act of 1994).

_____(ii) Alternate I (MAR 1999) to 52.219-5.

_____(iii) Alternate II to (JUNE 2003) 52.219-5.

_X__ (5)(i) 52.219-6, Notice of Total Small Business Set-Aside (JUNE 2003) (15 U.S.C. 644).

___ (ii) Alternate I (OCT 1995) of 52.219-6.

___ (iii) Alternate II (MAR 2004) of 52.219-6.

___ (6)(i) 52.219-7, Notice of Partial Small Business Set-Aside (JUNE 2003) (15 U.S.C. 644).

___ (ii) Alternate I (OCT 1995) of 52.219-7.

___ (iii) Alternate II (MAR 2004) of 52.219-7.

___ (7) 52.219-8, Utilization of Small Business Concerns (MAY 2004) (15 U.S.C. 637 (d)(2) and (3)).

___ (8)(i) 52.219-9, Small Business Subcontracting Plan (JAN 2002) (15 U.S.C. 637(d)(4)).

___ (ii) Alternate I (OCT 2001) of 52.219-9

___(iii) Alternate II (OCT 2001) of 52.219-9.

___ (9) 52.219-14, Limitations on Subcontracting (DEC 1996) (15 U.S.C. 637(a)(14)).

___ (10)(i) 52.219-23, Notice of Price Evaluation Adjustment for Small Disadvantaged Business Concerns (JUNE 2003) (Pub. L. 103-355, section 7102, and 10 U.S.C. 2323) (if the offeror elects to waive the adjustment, it shall so indicate in its offer).

___ (ii) Alternate I (JUNE 2003) of 52.219-23.

___ (11) 52.219-25, Small Disadvantaged Business Participation Program--Disadvantaged Status and Reporting (OCT 1999) (Pub. L. 103-355, section 7102, and 10 U.S.C. 2323).

___ (12) 52.219-26, Small Disadvantaged Business Participation Program--Incentive Subcontracting (OCT 2000) (Pub. L. 103-355, section 7102, and 10 U.S.C. 2323).

___ (13) 52.219-27, Notice of Total Service-Disabled Veteran-Owned Small Business Set-Aside (May 2004).

___ (14) 52.222-3, Convict Labor (JUNE 2003) (E.O. 11755).

___ (15) 52.222-19, Child Labor--Cooperation with Authorities and Remedies (Jun 2004) (E.O. 13126).

___ (16) 52.222-21, Prohibition of Segregated Facilities (FEB 1999).

_X__ (17) 52.222-26, Equal Opportunity (APR 2002) (E.O. 11246).

_X__ (18) 52.222-35, Equal Opportunity for Special Disabled Veterans, Veterans of the Vietnam Era, and Other Eligible Veterans (DEC 2001) (38 U.S.C. 4212).

_X__ (19) 52.222-36, Affirmative Action for Workers with Disabilities (JUN 1998) (29 U.S.C. 793).

_X__ (20) 52.222-37, Employment Reports on Special Disabled Veterans, Veterans of the Vietnam Era, and Other Eligible Veterans (DEC 2001) (38 U.S.C. 4212).

___ (21) 52.222-39, Notification of Employee Rights Concerning Payment of Union Dues or Fees (DEC 2004) (E.O. 13201).

___ (22)(i) 52.223-9, Estimate of Percentage of Recovered Material Content for EPA-Designated Products (AUG 2000) (42 U.S.C. 6962(c)(3)(A)(ii)).

___ (ii) Alternate I (AUG 2000) of 52.223-9 (42 U.S.C. 6962(i)(2)(C)).

_X__ (23) 52.225-1, Buy American Act--Supplies (JUNE 2003) (41 U.S.C. 10a-10d).

___ (24)(i) 52.225-3, Buy American Act--Free Trade Agreements-- Israeli Trade Act (Jan 2005) (41 U.S.C. 10a-10d, 19 U.S.C. 3301 note, 19 U.S.C. 2112 note, Pub. L. 108-77, 108-78, 108-286).

___ (ii) Alternate I (JAN 2004) of 52.225-3.

___ (iii) Alternate II (JAN 2004) of 52.225-3.

___ (25) 52.225-5, Trade Agreements (Jan 2005) (19 U.S.C. 2501, et seq., 19 U.S.C. 3301 note).

___ (26) 52.225-13, Restrictions on Certain Foreign Purchases (OCT 2003) (E.o.s, proclamations, and statutes administered by the Office of Foreign Assets Control of the Department of Treasury).

___ (27) 52.225-15, Sanctioned European Union Country End Products (FEB 2000) (E.O. 12849).

___ (28) 52.225-16, Sanctioned European Union Country Services (FEB 2000) (E.O. 12849).

___ (29) 52.232-29, Terms for Financing of Purchases of Commercial Items (FEB 2002) (41 U.S.C. 255(f), 10 U.S.C. 2307(f)).

___ (30) 52.232-30, Installment Payments for Commercial Items (OCT 1995) (41 U.S.C. 255(f), 10 U.S.C. 2307(f)).

_X___ (31) 52.232-33, Payment by Electronic Funds Transfer--Central Contractor Registration (OCT 2003) (31 U.S.C. 3332).

___ (32) 52.232-34, Payment by Electronic Funds Transfer--Other than Central Contractor Registration (MAY 1999) (31 U.S.C. 3332).

_X___ (33) 52.232-36, Payment by Third Party (MAY 1999) (31 U.S.C. 3332).

___ (34) 52.239-1, Privacy or Security Safeguards (AUG 1996) (5 U.S.C. 552a).

_____ (35)(i) 52.247-64, Preference for Privately Owned U.S.-Flag Commercial Vessels (APR 2003) (46 U.S.C. Appx 1241 and 10 U.S.C. 2631).

_____ (ii) Alternate I (APR 2003) of 52.247-64.

(d) (1) Notwithstanding the requirements of the clauses in paragraphs (a), (b), and (c) of this clause, the Contractor is not required to flow down any FAR clause, other than those in paragraphs (i) through (vi) of this paragraph in a subcontract for commercial items. Unless otherwise indicated below, the extent of the flow down shall be as required by the clause--

(i) 52.219-8, Utilization of Small Business Concerns (May 2004) (15 U.S.C. 637(d)(2) and (3)), in all subcontracts that offer further subcontracting opportunities. If the subcontract (except subcontracts to small business concerns) exceeds $500,000 ($1,000,000 for construction of any public facility), the subcontractor must include 52.219-8 in lower tier subcontracts that offer subcontracting opportunities.

(ii) 52.222-26, Equal Opportunity (April 2002) (E.O. 11246).

(iii) 52.222-35, Equal Opportunity for Special Disabled Veterans, Veterans of the Vietnam Era, and Other Eligible Veterans (December 2001) (38 U.S.C. 4212).

(iv) 52.222-36, Affirmative Action for Workers with Disabilities (June 1998) (29 U.S.C. 793).

(v) 52.222-39, Notification of Employee Rights Concerning Payment of Union Dues or Fees (DEC 2004) (E.O. 13201).

(vi) 52.222-41, Service Contract Act of 1965, as Amended (May 1989), flow down required for all subcontracts subject to the Service Contract Act of 1965 (41 U.S.C. 351, et seq.).

(vii) 52.247-64, Preference for Privately Owned U.S.-Flag Commercial Vessels (April 2003) (46 U.S.C. Appx 1241 and 10 U.S.C. 2631). Flow down required in accordance with paragraph (d) of FAR clause 52.247-64.

(2) While not required, the contractor May include in its subcontracts for commercial items a minimal number of additional clauses necessary to satisfy its contractual obligations.

(End of clause)

PARTS LIST
**INDIVIDUAL ITEMS BREAKDOWN LIST**

| Part/Catalog Number | Description | Quantity/UI | Unit Price | Extended Price |
|---|---|---|---|---|
| | **RAMBUR HALL – BUILDING 3185 NAVAL STATION SAN DIEGO** | | | |
| SW99-2031C-HI/24 | SPYDER, TAMPER RESISTANT TRIPLE VIDEO CAMERA (48 VIEWS) | 16 EA | 724.10 | 11,585.60 |
| SW99-2033C-HI/24 | SPYDER, TAMPER RESISTANT, VIDEO CAMERA | 16 EA | 527.80 | 8,444.80 |
| SW 16-EP | MOTION SENSING DIGITAL VIDEO RECORDER | 4 EA | 1,950.00 | 7,800.00 |
| SWBP-12P | 16 POSITION MASTER POWER SUPPLY AND POWER PROTECTION | 4 EA | 703.75 | 2,815.00 |
| SW 17CLCD | 17" LCD FLAT MONITOR | 1 EA | 813.00 | 813.00 |
| SWVM-CNTR | MASTER VIDEO PLAYBACK CONTROL | 1 EA | 1,027.00 | 1,027.00 |
| | METAL RACK FOR ALL DVR'S (10 TOTAL) | 1 EA | 3,200.00 | 3,200.00 |
| | CABLE AND CONNECTORS | 34 RO | 415.00 | 6,640.00 |
| | LABOR | 1 GP | 8,525.00 | 8,525.00 |
| | **CORONADO AMPHIB BASE – BUILDINGS 1500, 500, AND 504** | | | |
| SW99-2033C-HI/24 | SPYDER, ½ DOME TYPE, TAMPER RESISTANT, HI-RESOLUTION COLOR CAMERAS | 2EA | 527.80 | 1,055.60 |
| SW2200AC | SMOKE DETECTOR TYPE, COLOR CAMERA | 1EA | 311.70 | 311.70 |
| SW98-IRNCH | HI-RESOLUTION, COLOR, INFRARED DAY/NIGHT, WEATHER RESISTANT CAMERA | 1EA | 315.90 | 315.90 |
| SW16-EP | 16 POSITION, DIGITAL VIDEO RECORDER, WITH MOTION SENSING (200GB) | 1EA | 1,950.00 | 1,950.00 |
| SW17CLCD | 17" LCD FLAT VIDEO MONITORS | 1EA | 813.00 | 813.00 |
| SWBP-12P | MASTER POWER SUPPLY + POWER LINE PROTECTION | 1EA | 703.75 | 703.75 |
| SW99-2033C-HI/24 | SPYDER, ½ DOME TYPE, TAMPER RESISTANT, HI-RESOLUTION COLOR CAMERAS | 2EA | 527.80 | 1,055.60 |
| | | | | |
| SW004CHDV | 4 CHANNEL DIGITAL RECORDER | 1 EA | 1,235.00 | 1,235.00 |
| SW17CLCD | 17" LCD FLAT VIDEO MONITOR | 1 EA | 813.00 | 813.00 |
| SWBP-12P | MASTER POWER SUPPLY AND POWER LINE PROTECTION | 1 EA | 703.75 | 703.75 |

| | | | | |
|---|---|---|---|---|
| SW98-IRNCH | HI-RESOLUTION, COLOR, INFRARED DAY/NIGHT, WEATHER RESISTANT CAMERAS | 2EA | 315.90 | 631.80 |
| SW004CHDV | 4 CHANNEL DIGITAL RECORDER | 1EA | 1,235.00 | 1,235.00 |
| SW17CLCD | 17" LCD FLAT VIDEO MONITOR | 1EA | 813.00 | 813.00 |
| SWBP-12P | MASTER POWER SUPPLY + POWER LINE PROTECTION | 1EA | 703.75 | 703.75 |
| | | | | |
| | CABLE AND CONNECTORS | 3 RO | 415.00 | 1,245.00 |
| | LABOR | 1 GP | 4,900.00 | 4,900.00 |
| 5b | **NORTH ISLAND BACHELOR QUARTERS – BUILDINGS 783 AND 787** | | | |
| SW98-IRNCH | HI-RESOLUTION, COLOR, INFRARED DAY/NIGHT, WEATHER RESISTANT CAMERA | 2 EA | 315.90 | 631.80 |
| SW98-IRNCH | HI-RESOLUTION, COLOR, INFRARED DAY/NIGHT WEATHER RESISTANT CAMERAS | 2EA | 315.90 | 631.80 |
| | CABLE AND CONDUIT | 4 RO | 415.00 | 1,660.00 |
| | LABOR | 1 GP | 4,165.00 | 4,165.00 |
| 7 | **VESTA HALL, BLDG. 3144 - 3150 BACHELOR HOUSING NAVSTA SAN DIEGO** | | | |
| SD53CBW-PSGE-1 | PELCO STAINLESS STEEL PENDANT DOMES WITH COLOR/B&W, DAY/NIGHT, LOW LIGHT CAMERAS WITH 22X ZOOM | 2EA | 3,575.00 | 7,150.00 |
| MPT9500TD | PELCOO JOYSTICK CONTROL WITH PRESETS FOR PAN, TILT & ZOOM | 2EA | 585.00 | 585.00 |
| | CUSTOM STAINLESS STEEL PARAPET MOUNTS | 2EA | 1,750.00 | 3,500.00 |
| SW98-IRNCH | SPYDER, COLOR, INFRARED DAY/NIGHT, WEATHER RESISTANT CAMERA | 32EA | 315.90 | 10,108.80 |
| SW99-2033C-HI/24 | SPYDER, LAMPER RESISTANT, VIDEO CAMERA | 1EA | 527.80 | 527.80 |
| SW16-EP | VIDEO COMMANDER, MOTION SENSING, DIGITAL VIDEO RECORDERS | 2EA | 1,950.00 | 3,900.00 |

| | | | | |
|---|---|---|---|---|
| SW004CHDV | VIDEO COMMANDER, MOTION SENSING, 4 CHANNEL DIGITAL RECORDERS | 2EA | 1,235.00 | 2.470.00 |
| SWBP-12P | 16 POSITION MASTER POWER SUPPLIES + POWER PROTECTION | 2EA | 703.75 | 1407.50 |
| SW17CLCD | 17" LCD FLAT MONITORS | 4EA | 813.00 | 3,252.00 |
| | 16+ ROLLS CABLE AND CONNECTORS | 1GP | 415.00 | 6,640.00 |
| | LABOR | 1GP | 11,900.00 | 11,900.00 |
| | | | TOTAL | **127,865.95** |

SOW

STATEMENT OF WORK

CONTRACTOR SHALL PROVIDE MANAGEMENT, LABOR, AND MATERIAL TO INSTALL SECURITY CAMERAS, DIGITAL VIDEO RECORDERS, CONDUIT, POWER WIRES AND JUNCTION BOXES FOR NEW SECURITY CAMERA SYSTEMS IN COMMON, COMMUNITY AREAS. A SITE VISIT BY THE CONTRACTOR IS A REQUIREMENT. PLEASE CONTACT BOBBY FREDERICK AT 619-556-8877 TO SCHEDULE YOUR SITE VISIT PRIOR TO SUBMITTING YOUR QUOTE. CONTRACTOR MUST HAVE COMPLETED A MINIMUM OF THREE SIMILAR PROJECTS WITH A SATISFACTORY RATING.

1. SECURITY CAMERAS WILL BE INSTALLED ON THE CEILINGS AND/OR WALLS TO OBTAIN THE BEST FIELD OF VIEW. THE MOUNTING OF CAMERAS INCLUDES INSTALLATION CONDUIT, POWER AND VIDEO CABLE, CAMERA MOUNT BASES AND TERMINATE COAX CABLE WITH APPROPRIATE COMBINED BACHELOR HOUSING (CBH) CONNECTOR, MOUNT AND INSTALL CAMERA HOUSING AND CAMERA, ATTACH CAMERA, AIM AND FOCUS. SCOPE OF WORK DOES NOT INCLUDE PAINTING OR PATCHING OF WALLS OR CONDUIT. CONDUIT AND CABLE/WIRE TO BE INSTALLED PER APPLICABLE CODE.

2. HEAD END INSTALLATION INCLUDES PROVIDING POWER OUTLETS FOR EQUIPMENT RACKS, DIGITAL VIDEO RECORDERS, AND POWER SUPPLIES, TERMINATING AND ATTACHING COAX. DIEITAL VIDEO RECORDERS TO BE SET UP FOR CONTINUOUS RECORDING WITH POWER SUPPLY PROCTECTION.

3. BASIC SYSTEM REQUIREMENT FROM COMBINED BACHELOR HOUSING (CBH): SEE PARTS LIST WITHIN

# EXHIBIT B

Nov 02 06 05:43p [redacted]ent Noon 1[redacted]08-[redacted]4-1607 p.1

# AMENDMENT OF SOLICITATION/MODIFICATION OF CONTRACT

1. CONTRACT ID CODE: J
PAGE OF PAGES: 1 | 2

2. AMENDMENT/MODIFICATION NO.: P00001
3. EFFECTIVE DATE: 02-Nov-2006
4. REQUISITION/PURCHASE REQ. NO.: N0024406RC075FS
5. PROJECT NO. (If applicable):

6. ISSUED BY CODE N00244
FISC SAN DIEGO
CODE 200
937 N HARBOR DRIVE STE 60
SAN DIEGO CA 92132-0060

7. ADMINISTERED BY (If other than Item 6) CODE
See Item 6

8. NAME AND ADDRESS OF CONTRACTOR (No., Street, County, State and Zip Code)
TOTAL CONTROLS INCORPORATED
DAVID MIYAHARA
788 NEESON RD STE A
MARINA CA 93933-5114

CODE 3HMK4 FACILITY CODE

9A. AMENDMENT OF SOLICITATION NO.
9B. DATED (SEE ITEM 11)
X 10A. MOD. OF CONTRACT/ORDER NO. N00244-06-P-2877
X 10B. DATED (SEE ITEM 13) 15-Sep-2006

11. THIS ITEM ONLY APPLIES TO AMENDMENTS OF SOLICITATIONS

☐ The above numbered solicitation is amended as set forth in Item 14. The hour and date specified for receipt of Offer ☐ is extended, ☐ is not extended.

Offer must acknowledge receipt of this amendment prior to the hour and date specified in the solicitation or as amended by one of the following methods: (a) By completing Items 8 and 15, and returning ______ copies of the amendment; (b) By acknowledging receipt of this amendment on each copy of the offer submitted; or (c) By separate letter or telegram which includes a reference to the solicitation and amendment numbers. FAILURE OF YOUR ACKNOWLEDGMENT TO BE RECEIVED AT THE PLACE DESIGNATED FOR THE RECEIPT OF OFFERS PRIOR TO THE HOUR AND DATE SPECIFIED MAY RESULT IN REJECTION OF YOUR OFFER. If by virtue of this amendment you desire to change an offer already submitted, such change may be made by telegram or letter, provided each telegram or letter makes reference to the solicitation and this amendment, and is received prior to the opening hour and date specified.

12. ACCOUNTING AND APPROPRIATION DATA (If required)

13. THIS ITEM APPLIES ONLY TO MODIFICATIONS OF CONTRACTS/ORDERS.
IT MODIFIES THE CONTRACT/ORDER NO. AS DESCRIBED IN ITEM 14.

A. THIS CHANGE ORDER IS ISSUED PURSUANT TO: (Specify authority) THE CHANGES SET FORTH IN ITEM 14 ARE MADE IN THE CONTRACT ORDER NO. IN ITEM 10A.

B. THE ABOVE NUMBERED CONTRACT/ORDER IS MODIFIED TO REFLECT THE ADMINISTRATIVE CHANGES (such as changes in paying office, appropriation date, etc.) SET FORTH IN ITEM 14, PURSUANT TO THE AUTHORITY OF FAR 43.103(B).

X C. THIS SUPPLEMENTAL AGREEMENT IS ENTERED INTO PURSUANT TO AUTHORITY OF:
MUTUAL AGREEMENT BETWEEN PARTIES

D. OTHER (Specify type of modification and authority)

E. IMPORTANT: Contractor [X] is not, ☐ is required to sign this document and return ______ copies to the issuing office.

14. DESCRIPTION OF AMENDMENT/MODIFICATION (Organized by UCF section headings, including solicitation/contract subject matter where feasible.)
Modification Control Number: ndzivi01072669

THE PURPOSE OF THIS MODIFICATION IS TO INCORPORATE THE ASSIGNMENT OF CLAIMS AND MAKE IT A PART OF THIS CONTRACT DATED AND EXECUTED ON 02 NOVEMBER 2006 BY THE CONTRACTING OFFICER.

THE REMITTANCE ADDRESS IS CHANGED AS FOLLOWS:
AEROFUND FINANCIAL INC CAGE CODE 3WTG6 DUNS 196491419
6910 SANTA TERESA BOULEVARD
SAN JOSE, CA 95119

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

Except as provided herein, all terms and conditions of the document referenced in Item 9A or 10A, as heretofore changed, remains unchanged and in full force and effect.

15A. NAME AND TITLE OF SIGNER (Type or print)
David Miyahara CEO

15B. CONTRACTOR/OFFEROR
(signature)
(Signature of person authorized to sign)

15C. DATE SIGNED
11/2/06

16A. NAME AND TITLE OF CONTRACTING OFFICER (Type or print)
TEDDY M. SANTOS / DIVISION DIRECTOR
TEL: 619-532-2565 EMAIL: teddy.santos@navy.mil

16B. UNITED STATES OF AMERICA
BY (signature)
(Signature of Contracting Officer)

16C. DATE SIGNED
02-Nov-2006

EXCEPTION TO SF 30
APPROVED BY OIRM 11-84

30-105-04

STANDARD FORM 30 (Rev. 10-83)
Prescribed by GSA
FAR (48 CFR) 53.243

EXHIBIT B

# EXHIBIT C

**Total Controls, Inc**
**738 Neeson Road, Ste A**
**Marina, CA 93933**

# Invoice

| Date | Invoice # |
|---|---|
| 10/31/2006 | 2198-A |

| Bill To | Ship To |
|---|---|
| Navy Region Southwest<br>RMO, 5th Floor, Code N82<br>937 North Harbor Drive<br>San Diego, CA 92132 | Navy - San Diego<br>Navy Region Southwest<br>937 North Harbor Drive<br>San Diego, CA 92132 |

| P.O. No. | Terms | Due Date | Rep | Account # |
|---|---|---|---|---|
| | Net 30 | 11/30/2006 | DM | |

| Item | Description | Qty | Rate | Amount |
|---|---|---|---|---|
| | This invoice is for RAMBUR HALL - BUILDING 3185 Naval Station San Diego. This invoice is pertaining to Contract #N00244-06-P-2877. | | | |
| SW99-2031C-HI24 | Spyder 24VAC Hi-Res Triple View Color Camera | 16 | 724.10 | 11,585.60 |
| SW99-2033C-HI24 | Spyder 24VAC Hi-Res Color Camera | 16 | 527.80 | 8,444.80 |
| SW16EP | Video Commander 16 Channel Digital Video Recorder | 4 | 1,950.00 | 7,800.00 |
| SWBP-12P | 16 Position Master Power Supply and Power Protection | 4 | 703.75 | 2,815.00 |
| SW17CLCD | 17 inch LCD flat monitor | 1 | 813.00 | 813.00 |
| SWVM-CNTR | Video Commander Master Video Control | 1 | 1,027.00 | 1,027.00 |
| Miscellaneous | Metal rack for all DVR's (10) total | 1 | 3,200.00 | 3,200.00 |
| Miscellaneous | Cable and connectors | 16 | 415.00 | 6,640.00 |
| Labor | Installation and Labor | 1 | 8,525.00 | 8,525.00 |

| | |
|---|---|
| **Subtotal** | $50,850.40 |
| **Sales Tax** | $0.00 |
| **Total** | $50,850.40 |
| **Payments/Credits** | $0.00 |
| **Balance Due** | $50,850.40 |

We appreicate your business!

Please Remit Payment to:

Aero Fund Financial
6910 Santa Teresa Boulevard
San Jose, CA 95119

| Phone # | Fax # |
|---|---|
| (831)582-2426 | (831)582-2466 |

EXHIBIT/ C

**Total Controls, Inc**

**738 Neeson Road, Ste A**
**Marina, CA 93933**

# Invoice

| Date | Invoice # |
|---|---|
| 10/31/2006 | 2198-B |

| Bill To |
|---|
| Navy Region Southwest<br>RMO, 5th Floor, Code N82<br>937 North Harbor Drive<br>San Diego, CA 92132 |

| Ship To |
|---|
| Navy - San Diego<br>Navy Region Southwest<br>937 North Harbor Drive<br>San Diego, CA 92132 |

| P.O. No. | Terms | Due Date | Rep | Account # |
|---|---|---|---|---|
| | Net 30 | 11/30/2006 | DM | |

| Item | Description | Qty | Rate | Amount |
|---|---|---|---|---|
| Labor | Installation and Labor | 1 | 4,900.00 | 4,900.00 |

| | |
|---|---|
| **Subtotal** | $18,485.85 |
| **Sales Tax** | $0.00 |
| **Total** | $18,485.85 |
| **Payments/Credits** | $0.00 |
| **Balance Due** | $18,485.85 |

We appreicate your business!

Please Remit Payment to:

Aero Fund Financial
6910 Santa Teresa Boulevard
San Jose, CA 95119

| Phone # | Fax # |
|---|---|
| (831)582-2426 | (831)582-2466 |

**Total Controls, Inc**

**738 Neeson Road, Ste A**
**Marina, CA 93933**

# Invoice

| Date | Invoice # |
|---|---|
| 10/31/2006 | 2198-B |

| Bill To | Ship To |
|---|---|
| Navy Region Southwest<br>RMO, 5th Floor, Code N82<br>937 North Harbor Drive<br>San Diego, CA 92132 | Navy - San Diego<br>Navy Region Southwest<br>937 North Harbor Drive<br>San Diego, CA 92132 |

| P.O. No. | Terms | Due Date | Rep | Account # |
|---|---|---|---|---|
| | Net 30 | 11/30/2006 | DM | |

| Item | Description | Qty | Rate | Amount |
|---|---|---|---|---|
| | This invoice is for CORONADO AMPHIBIAN BASE - Buildings 1500, 500, and 504. This invoice is pertaining to Contract #N00244-06-P-2877. | | | |
| SW99-2033C-HI24 | Spyder 24VAC Hi-Res Color Camera | 2 | 527.80 | 1,055.60 |
| SW2200AC | Spyder Smoke Detector Color Camera | 1 | 311.70 | 311.70 |
| SW98-IRNCH | Spyder Element IR Color Camera | 1 | 315.90 | 315.90 |
| SW16EP | Video Commander 16 Channel Digital Video Recorder | 1 | 1,950.00 | 1,950.00 |
| SW17CLCD | 17 inch LCD flat video monitor | 1 | 813.00 | 813.00 |
| SWBP-12P | Master Power Supply and Power Line protection | 1 | 703.75 | 703.75 |
| SW99-2033C-HI24 | Spyder 24VAC Hi-Res Color Camera | 2 | 527.80 | 1,055.60 |
| SW004-CHDV | Video Commander 4 Channel Digital Video Recorder | 1 | 1,235.00 | 1,235.00 |
| SW17CLCD | 17 inch LCD flat video monitor | 1 | 813.00 | 813.00 |
| SWBP-12P | Master Power Supply and Power Line Protection | 1 | 703.75 | 703.75 |
| SW98-IRNCH | Spyder Element IR Color Camera | 2 | 315.90 | 631.80 |
| SW004-CHDV | Video Commander 4 Channel Digital Video Recorder | 1 | 1,235.00 | 1,235.00 |
| SW17CLCD | 17 inch LCD flat video montior | 1 | 813.00 | 813.00 |
| SWBP-12P | Master Power Supply and Power Line Protection | 1 | 703.75 | 703.75 |
| Miscellaneous | Cable and Connectors | 3 | 415.00 | 1,245.00 |

| | |
|---|---|
| **Subtotal** | |
| **Sales Tax** | |
| **Total** | |
| **Payments/Credits** | |
| **Balance Due** | |

We appreicate your business!

Please Remit Payment to:

Aero Fund Financial
6910 Santa Teresa Boulevard
San Jose, CA 95119

| Phone # | Fax # |
|---|---|
| (831)582-2426 | (831)582-2466 |

**Total Controls, Inc**
**738 Neeson Road, Ste A**
**Marina, CA 93933**

# Invoice

| Date | Invoice # |
|---|---|
| 10/31/2006 | 2198-C |

| Bill To | Ship To |
|---|---|
| Navy Region Southwest<br>RMO, 5th Floor, Code N82<br>937 North Harbor Drive<br>San Diego, CA 92132 | Navy - San Diego<br>Navy Region Southwest<br>937 North Harbor Drive<br>San Diego, CA 92132 |

| P.O. No. | Terms | Due Date | Rep | Account # |
|---|---|---|---|---|
| | Net 30 | 11/30/2006 | DM | |

| Item | Description | Qty | Rate | Amount |
|---|---|---|---|---|
| | This invoice is for NORTH ISLAND BACHELOR QUARTERS - Buildings 783 and 787. This invoice is pertaining to Contract #N00244-06-P-2877. | | | |
| SW98-IRNCH | Spyder Element IR Color Camera | 2 | 315.90 | 631.80 |
| SW98-IRNCH | Spyder Element IR Color Camera | 2 | 315.90 | 631.80 |
| Miscellaneous | Cable and Conduit | 4 | 415.00 | 1,660.00 |
| Labor | Installation and Labor | 1 | 4,165.00 | 4,165.00 |

| | |
|---|---|
| Subtotal | $7,088.60 |
| Sales Tax | $0.00 |
| Total | $7,088.60 |
| Payments/Credits | $0.00 |
| Balance Due | $7,088.60 |

We appreicate your business!

Please Remit Payment to:

Aero Fund Financial
6910 Santa Teresa Boulevard
San Jose, CA 95119

| Phone # | Fax # |
|---|---|
| (831)582-2426 | (831)582-2466 |

**Total Controls, Inc**

**738 Neeson Road, Ste A**
**Marina, CA 93933**

# Invoice

| Date | Invoice # |
|---|---|
| 10/31/2006 | 2198-D |

| Bill To |
|---|
| Navy Region Southwest<br>RMO, 5th Floor, Code N82<br>937 North Harbor Drive<br>San Diego, CA 92132 |

| Ship To |
|---|
| Navy - San Diego<br>Navy Region Southwest<br>937 North Harbor Drive<br>San Diego, CA 92132 |

| P.O. No. | Terms | Due Date | Rep | Account # |
|---|---|---|---|---|
| | Net 30 | 11/30/2006 | DM | |

| Item | Description | Qty | Rate | Amount |
|---|---|---|---|---|
| | This invoice is for VESTA HALL, Building 3144 - 3150 BACHELOR HOUSING NAVAL STATION SAN DIEGO. This invoice pertains to Contract #N00244-06-P-2877. | | | |
| SD53CBWPSGE | Pelco Environmental Outdoor SS Spectra | 2 | 3,575.00 | 7,150.00 |
| MPT9500TD | Pelco Transmitter Coaxitron (2) | 1 | 585.00 | 585.00 |
| Miscellaneous | Custom Stainless Steel Parapet Mounts | 2 | 1,750.00 | 3,500.00 |
| SW98-IRNCH | Spyder Element IR Color Camera | 32 | 315.90 | 10,108.80 |
| SW99-2033C-HI24 | Spyder 24VAC Hi-Res Color Camera | 1 | 527.80 | 527.80 |
| SW16EP | Video Commander 16 Channel Digital Video Recorder | 2 | 1,950.00 | 3,900.00 |
| SW004-CHDV | Video Commander 4 Channel Digital Video Recorder | 2 | 1,235.00 | 2,470.00 |
| SWBP-12P | 16 Position Master Power Supplies and Power Protection | 2 | 703.75 | 1,407.50 |
| SW17CLCD | 17 inch LCD Flat monitors | 4 | 813.00 | 3,252.00 |
| Miscellaneous | 16+ rolls of cable and connectors | 16 | 415.00 | 6,640.00 |
| Labor | Installation and Labor | 1 | 11,900.00 | 11,900.00 |

| | |
|---|---|
| **Subtotal** | $51,441.10 |
| **Sales Tax** | $0.00 |
| **Total** | $51,441.10 |
| **Payments/Credits** | $0.00 |
| **Balance Due** | $51,441.10 |

We appreicate your business!

Please Remit Payment to:

Aero Fund Financial
6910 Santa Teresa Boulevard
San Jose, CA 95119

| Phone # | Fax # |
|---|---|
| (831)582-2426 | (831)582-2466 |

# EXHIBIT D

PAHL & McCAY
A Professional Law Corporation

Stephen [illegible]. Pahl
Karen K. McCay
Fenn C. Horton III
Catherine S. Robertson
Jeffrey M. Sulenski
Servando R. Sandoval

Ginger L. Sotelo
Sonia S. Shah
Anthony J. Adair
Michael J. Cheng

Sarahann Shapiro
*Special Counsel*

225 West Santa Clara, Suite 1500, San Jose, California 95113-1752 • Tel: 408-286-5100 • Fax: 408-286-5722

Sender's Direct Dial No.: (408) 918-2836
Sender's Email Address: gsotelo@pahl-mccay.com

July 19, 2007

**Via Federal Express**

Teddy Santos
FISC San Diego
937 N. Harbor Drive, Suite 60
San Diego, California 92132

Re: Re: Total Controls, Inc., Invoice Numbers 2198A, 2198B, and 2198D

Dear Mr. Santos:

This letter is written pursuant to 41 USC 605(c)(1) to demand payment on Aerofund Financial, Inc.'s claim for payment of $101,817.31 and to request a decision regarding this claim within sixty days from your receipt of this claim.

On behalf of Aeofund Financial, Inc., I hereby certify that the claim being made is made in good faith, that the documentation attached hereto in support of the claim is accurate and complete to the best of my knowledge and belief, that the amount claimed accurately reflects the amount due by FISC San Diego to Aerofund Financial, Inc., and that I am authorized to certify the claim on behalf of Aerofund Financial, Inc.

The amount of the claim is due pursuant to the attached invoices, totaling $50,850.40, $18,485.85, and $51,441.10, respectively. Payment on the invoices was properly assigned to Aerofund Financial, Inc., pursuant to that certain Solicitation and Amendment of Solicitation/Modification of Contract dated November 2, 2006, a copy of which is also enclosed.



EXHIBIT/ D

PAHL & McCAY
A Professional Law Corporation

Teddy Santos
July 19, 2007
Page 2

After crediting the amounts due on the invoice with a payment received by Aerofund Financial, Inc., from DFAS on May 15, 2007, the total due and outstanding on the invoices is $101,816.95. Aerofund Financial, Inc., has not received any other or further payments from DFAS relating to the subject invoices.

Since March 2007, Aerofund Financial, Inc., has communicated by letter and phone with you and with Darrel Hardey and Mark Barta regarding a resolution to this matter. During these communications DFAS has admitted the propriety of Total Controls, Inc.'s assignment to Aerofund Financial, Inc., of the subject invoices, and has admitted Aerofund Financial, Inc.'s right to payment from DFAS. This matter, however, remains unresolved.

Your prompt attention and response to this letter is appreciated.

Sincerely,

PAHL & McCAY
A Professional Corporation

Ginger L. Sotelo

GLS:

Enclosures

cc: Daryl Hardey, DFAS via regular mail
Mark Barta, DFAS via regular mail
Client via regular mail