**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| AEROFUND FINANCIAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 07-708C |
| | ) | |
| v. | ) | (Judge Braden) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF DEFENDANT'S UNOPPOSED MOTION TO SUMMONS A THIRD-PARTY

Pursuant to Rules 1, 14, and 19 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court stay proceedings in this case (including the Government's obligation to file its response to the complaint) until after the Court's resolution of Defendant's Unopposed Motion to Summons Third-Party Defendant. As discussed below, a stay of proceedings pending the joinder of the third party will promote judicial economy and avoid the possibility that the Court would be unable to accord complete relief to the current parties in this action. Although plaintiff Aerofund Financial, Inc. ("Aerofund") consents to the United States' separate motion to summons the third party, Aerofund opposes this motion to stay proceedings pending the resolution of the motion.

This case involves Aerofund's claim that the United States erroneously paid to another party monies that the United States was legally obligated to pay to Aerofund. As such, this case directly implicates the Court's jurisdiction, pursuant to 41 U.S.C. § 114(b) (implemented in RCFC 14), to entertain the United States' claim or contingent claim to recover money erroneously paid to other party involved.

In September 2006, the United States Department of the Navy ("Navy") entered into a contract with Total Controls, Inc. ("TCI") for purchase and installation of security equipment for a fixed price of $127,865.95. In November 2006, the Navy and TCI executed an amendment to the contract which incorporated TCI's assignment of claims to Aerofund. The amendment expressly changed the payment remittance address to Aerofund. Payment was to be made by the Defense Finance Administration Services ("DFAS").

TCI performed under the contract and submitted four invoices to the Navy totaling $127,865.95 (Invoice 2198-A for $50,850.40, Invoice 2198-B for $18,485.85, Invoice 2198-C for $7,088.60, and Invoice 2198-D for $51,441.10). Although DFAS paid Aerofund for Invoice 2198-C in the amount of $7,088.60, it remitted payment for the remaining invoices to TCI. After TCI returned to the Government the monies it received for Invoice 2198-B, DFAS paid Aerofund $18,960.04 for Invoice 2198-B (including interest). TCI has not returned the rest of the monies that were paid to it, nor has DFAS paid Aerofund any additional amount. Aerofund filed this action for breach of contract seeking $101,817.31, plus prejudgment interest, fees and costs.

In the interest of judicial economy, and in accordance with the purposes of 41 U.S.C. § 114, RCFC 14, and RCFC 19(a), the United States is seeking to recover the improperly paid funds from TCI in the instant suit rather than in a separate district court action. Southern Calif. Edison Co. v. United States, 226 F.3d 1349, 1355 (Fed. Cir. 2000) ("[W]hen the government, under a mistake of fact or law, erroneously pays one party money that rightfully should have been paid to another, § 114(b) allows the government to seek reimbursement from the erroneously paid party."). In an abundance of caution, we are seeking a stay of proceedings to avoid the possibility that the Government's answer to Aerofund's complaint would result in an adverse

judgment against the United States before TCI is made a party to this case. Section 114(b) states that the Court possesses jurisdiction to summons third parties "within such period of time prior to judgment as the United States Court of Federal Claims shall prescribe." 41 U.S.C. § 114(b) (emphasis added). Therefore, a stay of proceedings preserves the Court's jurisdiction to entertain the United States' third-party complaint against TCI. In addition, a stay of proceedings is warranted because we anticipate that, should TCI be joined as a third-party defendant in this case, the parties will engage in settlement discussions that may result in a complete settlement of the matter and eliminate any need for the Court to consider the merits. Based upon this possibility of settlement, should the Court grant the motion to summons TCI, we respectfully request that the order granting the motion provide the United States 30 days to file its response to Aerofund's complaint.

Accordingly, the United States respectfully requests that the Court enter an order granting this motion to stay proceedings in this matter until the disposition of Defendant's Unopposed Motion to Summons Third-Party Defendant.[1]

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

---

[1] Should the Court deny this motion, we respectfully request ten (10) days from the date of the order to file an answer to Aerofund's complaint.

s/Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/ Dawn E. Goodman
DAWN E. GOODMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, DC 20530
Tel: (202) 616-1067
Fax: (202) 514-8624

Attorneys for Defendant

January 14, 2008

CERTIFICATE OF FILING

I hereby certify that on this 14th day of January, 2008, a copy of the foregoing "DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF DEFENDANT'S UNOPPOSED MOTION TO SUMMONS A THIRD-PARTY" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Dawn E. Goodman
DAWN E. GOODMAN