**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| AEROFUND FINANCIAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | No. 07-708C |
| | ) | |
| Defendant and<br>Third-Party Plaintiff, | ) | (Judge Braden) |
| | ) | |
| v. | ) | |
| | ) | |
| TOTAL CONTROLS, INC., | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

STIPULATION FOR ENTRY OF JUDGMENT

For the purpose of disposing of plaintiff's claims, without the necessity of a trial upon the merits or adjudication of any issue of fact or law, and for no other purposes, the parties stipulate and agree as follows:

1. On September 15, 2006, the United States Department of the Navy, Fleet and Industrial Supply Center San Diego ("Navy") awarded contract no. N00244-06-P-2877 (the "contract") to Total Controls, Inc. ("TCI") for security camera equipment and installation. The contract was for an original price of $127,865.95.

2. TCI assigned all proceeds from the contract to Aerofund Financial, Inc. ("Aerofund"). On November 2, 2006, the contracting officer executed Modification P00001 ("Amendment") to the contract, naming Aerofund as the payee, after the assignment had been found to be properly executed and legally sufficient

3. On October 2, 2007, Aerofund filed this suit alleging that it is entitled recover damages in the amount of $101,817.31, plus interest, costs, and attorney fees because the United

States failed to pay Aerofund pursuant to the Amendment.

4. On February 6, 2008, with leave of this Court, the United States served a third-party complaint on TCI for recovery of the funds erroneously paid to TCI instead of to Aerofund.

5. Aerofund and the United States subsequently entered into negotiations designed to resolve amicably Aerofund's claims. As full settlement of Aerofund's claims, Aerofund offered to dismiss the complaint against the United States with prejudice, in exchange for payment by the United States of the sum of $101,817.31, inclusive of interest and costs, with each party to bear its own attorney fees and expenses. In exchange, upon receipt of payment in the amount of $101,817.31, Aerofund will assign to the United States a state court judgment dated August 17, 2007, from the Superior Court of California, County of Santa Clara, against TCI in case no. 107CV084966 in the amount of $112,381.09, attached hereto as Exhibit 1 (the "State Court Judgment"). Upon receipt of payment in the amount of $101,817.31, Aerofund also will assign to the United States any rights, claims, liens or other interests in TCI's property, whether real or personal property, including but not limited to the lien as described and perfected by that certain UCC-1 Financing Statement filed on November 7, 2006, file number 067091076127, filed with the California Secretary of State, attached hereto as Exhibit 2. The assignment of the State Court Judgment and any rights, claims, liens or other interests Aerofund holds in TCI's property shall occur automatically upon Aerofund's receipt of payment without additional action by either party. Aerofund shall confirm its receipt of payment, in writing, to counsel for the United States in this matter within 2 business days of receipt. This offer of settlement does not relate to the claims by the United States against TCI, the third-party defendant in this matter.

6. If TCI files a petition for bankruptcy before the United States satisfies the judgment

entered against it by this Court (the "Judgment"), Aerofund shall file a proof of claim for any amounts outstanding on any financing agreements between TCI and Aerofund and the State Court Judgment (the "Claim"), properly indicating the extent to which the Claim is secured. After the Judgment is satisfied, Aerofund will promptly assist the United States in substituting the United States as the creditor of record on the Claim.

7. Aerofund's offer has been accepted on behalf of the Attorney General.

8. The United States consents to entry of judgment against the United States in favor of Aerofund as set out in paragraph 5.

9. Upon entry of judgment, Aerofund releases, waives, and abandons all claims against the United States, its political subdivisions, its officers, agents, and employees, arising out of or related to the contract or otherwise involved in this case, regardless of whether they were included in the complaint, including, but not limited to, all claims for costs, expenses, attorney fees, compensatory damages, and exemplary damages.

10. This stipulation is in no way related to or concerned with income or other taxes for which Aerofund is now liable or may become liable in the future as a result of this stipulation or as a result of entry of a final judgment.

11. Aerofund warrants and represents that no other action or suit with respect to the claims advanced in this suit is pending or will be filed in or submitted to any other court, administrative agency, or legislative body. Aerofund further warrants and represents that it has made no assignment or transfer of all or any part of its rights arising out of or relating to the claims advanced in this suit. Should there be now or in the future any violation of these warranties and representations made in this paragraph, any amount paid by the United States

pursuant to this stipulation or pursuant to any judgment entered pursuant to this stipulation shall be refunded promptly by Aerofund, together with interest thereon at the rates provided in 41 U.S.C. § 611, computed from the date the United States makes such payment.

12. This stipulation is for the purposes of settling the claims by Aerofund against the United States and permitting entry of final judgment as to Aerofund's claims against the United States, and for no other. Accordingly, this stipulation shall not bind the parties, nor shall it be cited or otherwise referred to, in any proceedings, whether judicial or administrative in nature, in which the parties or counsel for the parties have or may acquire an interest, except as is necessary to effect the terms of this stipulation.

13. Plaintiff's counsel represents that she has been and is authorized to enter into this stipulation on behalf of Aerofund.

14 This document constitutes a complete integration of the stipulation between Aerofund and the United States and supercedes any and all prior oral or written representations, understandings or agreements among or between them.

AGREED TO:

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Mark A. Melnick
MARK A. MELNICK
Assistant Director
Authorized Representative of the Attorney General

s/Ginger L. Sotelo
GINGER L. SOTELO
Pahl & McCay
225 W. Santa Clara
Suite 1500
San Jose, California 95113
Tel: (408) 286-5100
Fax: (408) 286-5722

Attorney for Plaintiff

s/Dawn E. Goodman
DAWN E. GOODMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit Fax:
8th Floor, 1100 L Street, NW
Washington, D.C. 20530
Tel: (202) 616-1067
Fax: (202) 514-8624

Attorneys for Defendant

April 15, 2008

CERTIFICATE OF FILING

I hereby certify that on this 15th day of April, 2008, a copy of the foregoing "STIPULATION FOR ENTRY OF JUDGMENT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Dawn E. Goodman
DAWN E. GOODMAN